ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 APR 27 PM 2: 13

CLERK L. Jenden
 DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALBERT CHARLES SCHWINDLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 104-089 |
| | ) | |
| PAUL THOMPSON, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-styled petition for a writ of habeas corpus against Respondents pursuant to 28 U.S.C. § 2254. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the Georgia Board of Pardons and Paroles and Georgia Attorney General Thurbert Baker as improper respondents be **GRANTED**. (Doc. no. 27). The Court further **REPORTS** and **RECOMMENDS** that Respondent Thompson's motion to dismiss the consolidated petition be **GRANTED** (doc. no. 29), that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Thompson. Finally, the Court **REPORTS** and **RECOMMENDS** that all pending motions in this matter be **DENIED** as **MOOT**.

### I. PROCEDURAL POSTURE

Given the odd manner in which this case has developed, it will be helpful to set forth the procedural history of the case. Petitioner seeks to challenge the following state decisions:

1) his conviction in Richmond County, Georgia, on four counts of armed

44.

robbery, to which he pled guilty on March 28, 1988 (CV 104-089, Resp.'s Ex. 1);

2) his convictions in Chatham County, Georgia, on misdemeanor charges for criminal trespass, marijuana possession, and violation of private school reporting requirements, to which he pled guilty on November 19, 1999 (CV 404-089, Resp.'s Ex. 1);

3) his conviction in Chatham County, Georgia, on a misdemeanor charge for obstruction of an emergency phone call, to which he pled guilty on June 29, 2000 (CV 404-095, Resp. Ex. 1); and

4) the revocation of Petitioner's parole for his Richmond County armed robbery sentence on October 3, 2000 by the Georgia State Board of Pardons and Paroles (CV 104-0796, Resp.'s Ex. 1).

As explained in orders entered earlier in this case, Petitioner has gone about challenging these convictions by filing separate petitions in both the Northern and Southern Districts of Georgia, which were subsequently consolidated with the lead case, the above-captioned CV 104-089.

First, Petitioner filed a petition in the Northern District, signed and dated December 12, 2003. CV 103-3910, doc. no. 1, p. 28, (N.D. Ga. Dec. 15, 2003). In this initial petition, Petitioner sought to challenge his parole revocation and the 2000 Chatham County misdemeanor conviction. Id. at 8. The Honorable Willis B. Hunt, Jr., United States District Judge, dismissed that petition without prejudice for failure to conform to Rule 2(d) of the Rules Governing § 2254 Cases and informed Petitioner that he could challenge his parole revocation in the Northern District, but that he would have to challenge his 2000 Chatham County conviction in the Savannah Division of this Court. CV 103-3910, doc. no. 2. Following the filing of subsequent petitions in this District, Petitioner, citing statute of limitations concerns, successfully urged Judge Hunt to vacate the dismissal of this initial petition and to transfer it to this Court. The initial petition was transferred to this District on

November 15, 2004.

Meanwhile, Petitioner filed not one, but three habeas petitions in this District, and then refiled in the Northern District. Two petitions, filed in the Savannah Division of this Court, challenged the 1999 and 2000 Chatham County misdemeanor convictions; these petitions were both signed and dated May 17, 2004. CV 404-089, doc. no. 1, p. 12, (S.D. Ga. May 28, 2004) and CV 404-95, doc. no. 1, p. 9, (S.D. Ga. Jun. 1, 2004). Petitioner also filed a petition in the Augusta Division of this Court in order to challenge his 1988 Richmond County robbery conviction, also signed and dated May 17, 2004. CV 104-089, doc. no.1, p. 9 (S.D. Ga. May 25, 2004). Finally, Petitioner attempted once more to challenge his parole revocation by filing a new petition in the Northern District, signed and dated March 15, 2004. CV 104-0796, doc. no. 1, p. 10, (N.D. Ga. Mar. 19, 2004).

Eventually, all of Petitioner's various petitions were transferred to this Division and consolidated with the lead case, CV 104-089. Respondent Thompson has filed a consolidated answer and motion to dismiss all of the pending petitions, and the matter is now properly before the Court. Also before the Court are Respondent Thompson's motion to dismiss certain parties as improper respondents and miscellaneous documents filed by both Petitioner and Respondent Thompson. The Court resolves the matter as follows.

## II. DISCUSSION

### A. Motion to Dismiss Improper Respondents

Respondents argue that the Georgia State Board of Pardons and Paroles ("the Board") and Georgia Attorney General Thurbert Baker should be dismissed as improper respondents. (Doc. no. 27). Petitioner has expressed no opposition to the motion–indeed, Petitioner has

3

responded by moving to voluntarily dismiss these two Respondents as improper parties. (Doc. no. 31). As Respondents correctly point out, the proper party respondent in a § 2254 case is the petitioner's immediate custodian. 28 U.S.C. §§ 2242, 2243; see also Rule 2(a) of the Rules Governing § 2254 Cases. Neither the Board nor Respondent Baker have custody over Petitioner, or will have custody over him. Respondent Thompson, Petitioner's warden, is the proper party respondent. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss the Board and Respondent Baker as improper parties (doc. no. 27) be **GRANTED**, and that Petitioner's motion to voluntarily dismiss these parties be **DENIED** as **MOOT** (doc. no. 31).

## B.     1988 Richmond County Robbery Conviction

### 1.     The Statutory Period of Limitations Has Expired.

Petitioner pled guilty to the Richmond County robbery charges on March 25, 1988. He did not file any direct appeal of his conviction or sentence; however, on October 12, 1988, Petitioner filed a motion to withdraw his guilty plea. CV 104-089, Resp. Ex. 1. This motion was denied by the trial court in July 1989. Id. Petitioner filed yet another motion to withdraw his plea on September 26, 1989, which was also denied. Id. Petitioner then filed a state habeas corpus petition on May 28, 1993. CV 104-089, Resp.'s Ex. 2. After evidentiary hearing, on August 23, 1994, the state habeas court denied Petitioner's petition, determining that Petitioner had received effective assistance of counsel and that his guilty plea had been entered voluntarily. Id. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("ACPC") the decision of the state habeas court in April of 1995. CV 104-089, Resp.'s Ex. 4. Petitioner pursued no additional

action until filing the multiple federal petitions described *supra*.

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. Specifically, the AEDPA provided for a one-year period limitations for § 2254 petitions. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 28 U.S.C. § 2244(d)(1)(A) a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner took no action following his conviction until the filing of a motion to withdraw his guilty plea on October 12, 1988. Thus, Petitioner's conviction became "final" on or about April 24, 1988,

when the thirty (30) day period in which he could seek review by the Georgia Court of Appeals expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); O.C.G.A. § 5-6-38. As Petitioner did not file any of the instant federal petitions until 2003, roughly seven (7) years after the enactment of the AEDPA, it is clear that any challenge to the Richmond County conviction under § 2254 is untimely absent some basis to toll the statutory period.[1]

## 2. There is No Basis For Statutory or Equitable Tolling.

It is true that the statutory period is tolled during the pendency of a properly filed application for collateral review in the state courts. 28 U.S.C. § 2244(d)(2). However, even assuming *arguendo* that each of Petitioner's state filings was properly filed, Petitioner took no action between the Georgia Supreme Court's denial of his ACPC in 1995 and filing the instant petitions in 2003 and 2004. Thus, Petitioner has outlined no basis to toll the statutory period under § 2244(d)(2). Of course, the Court has reached this conclusion once already, while screening the petition initially filed in CV 104-089 pursuant to Rule 4 of the Rules

---

[1] In the case of a conviction which became final before the enactment of the AEPDA, the period of limitations begins with the effective date of the AEDPA. See Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998)(*per curiam*)(explaining that prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)).

Governing § 2254 Cases. See CV 104-089, doc. no. 3, *vacated by* doc. no. 11. Petitioner successfully urged the Court to delay ruling on the matter by arguing that the state habeas court never actually ruled on his state habeas petition, instead allowing his petition to languish for over ten (10) years. Thus, the Court vacated its recommendation to dismiss the case and ordered that the petition be served on Respondent Thompson. CV 104-089, doc. no. 11.

Respondent Thompson has now come forward with an affirmative showing that the state habeas court did in fact rule on Petitioner's state habeas petition, and indeed that the matter was resolved finally upon the Georgia Supreme Court's denial of Petitioner's ACPC. While Petitioner adamantly contends otherwise, the certified record provided by Respondent Thompson demonstrates that Petitioner's claims are mendacious. The Court sees no need to inquire further in the matter, and Petitioner has provided no other basis for statutory or equitable tolling.[2] The time in which to challenge the 1988 conviction has long since expired.

---

[2]It is true that the start of the period of limitations can be delayed in cases where the petitioner asserts: 1) that the Supreme Court has recognized a new constitutional right which is retroactively applicable to cases on collateral review, 2) that a State-imposed impediment has prevented him from filing, or 3) that he has discovered new facts through due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). In addition, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Petitioner has provided no basis upon which to suppose that any of these bases for tolling the statutory period or delaying the start of the statutory period can be applied to the instant case.

7

## B. 1999 Chatham County Misdemeanor Conviction

### 1. The Claim is Time-Barred.

Petitioner pled guilty to the 1999 Chatham County charges on November 19, 1999. Upon his guilty plea, Petitioner was sentenced to a twelve (12) month sentence for criminal trespass, with five months to serve and the remainder on probation. CV 404-089, Resp.'s Ex. 1. Petitioner also received two consecutive twelve (12) month sentences for marijuana possession and violation of private school reporting requirements. Id. He filed no direct appeal or motion to withdraw his guilty plea, making his conviction final on or about December 19, 1999, when the time in which to appeal to the Georgia Court of Appeals expired. O.C.G.A. § 5-6-38.

Petitioner did file a "motion for writ of error" on August 29, 2000. CV 404-089, Resp.'s Ex. 1. The state trial court construed this motion as an out-of-time motion for new trial and granted partial relief. Id. The sentence for violation of private school reporting requirements was vacated, and Petitioner was re-sentenced to a fine of $100.00, payment of which was suspended. Id. The remainder of the motion was denied in an order dated October 5, 2000. Id. Petitioner then filed a motion for reconsideration, which was also denied on November 20, 2000. Petitioner took no action between that date and the filing of the instant petitions in 2003 and 2004. Thus, even assuming that Petitioner's motions were properly filed, any challenge as to the 1999 Chatham County misdemeanor convictions is clearly untimely under the AEDPA. (Petitioner has outlined no basis upon which to toll the statutory period or to start the statutory period on a date other than that upon which his conviction became final.)

### C. 2000 Chatham County Misdemeanor Conviction

#### 1. Any Challenge is Time-Barred.

On June 29, 2000, Petitioner pled guilty in Chatham County Recorder's Court to obstructing an emergency phone call and was sentenced to "time served." CV 404-095, Resp.'s Ex. 1. Petitioner did not appeal or file a motion to withdraw his guilty plea, making his conviction final on or about July 29, 2000. O.C.G.A. § 5-6-38. On or about September 22, 2000, Petitioner's adoptive father, Frank Schindler, attempted to file a "next friend" state habeas corpus petition challenging the 2000 Chatham County conviction. CV 404-95, Resp.'s Ex. 2. In an order filed November 9, 2000, the state habeas court declined to grant Frank Schwindler leave to proceed *in forma pauperis* and dismissed the action as frivolous, noting that Petitioner was an adult and that Petitioner and Frank Schwindler's "familial relationship" had arisen when the two were in prison together. Id.

Frank Schwindler re-filed the petition in December 2000. Id. On April 5, 2001, the state habeas court dismissed the petition again for the same reasons. Id. Frank Schwindler sought to appeal the dismissal, but on November 5, 2001, the Georgia Supreme Court denied his ACPC. Id. Neither Petitioner nor Frank Schwindler made any attempt to further challenge the 2000 Chatham County conviction until the instant petitions were filed–the earliest of which was signed December 12, 2003. Thus, any challenge is time-barred. (Once again, Petitioner offers no basis for tolling or starting the statutory period on some date other than when his conviction became final.)

### D. Parole Revocation

Petitioner was paroled on his 1988 Richmond County armed robbery sentence in

September of 1995. CV 104-0796, Resp.'s Ex. 1A. On October 3, 2000, the Board formally revoked Petitioner's parole, citing his failure to carry out his parole officer's instructions regarding maintaining gainful employment, his offense for obstructing an emergency phone call, and his failure to notify his parole officer of his arrest for that offense on June 5, 2000. Id. Petitioner waived his right to a parole revocation hearing. Id. On May 16, 2001, Petitioner filed a state habeas petition in the Superior Court of Chatham County, challenging the validity of his parole revocation. CV 104-0796, Resp.'s Ex. 2.

On March 3, 2002, the state habeas court denied relief and on January 14, 2003, the Georgia Supreme Court denied Petitioner's ACPC. Petitioner did not execute a federal habeas corpus petition challenging his parole revocation until December 12, 2003. CV 103-3910, doc. no. 1. However, that petition was dismissed, and Petitioner executed a second petition in the Northern District on March 19, 2004. CV 104-0796, doc. no. 1.

Under Georgia law, the forum for challenging parole revocation proceedings is via a petition for writ of habeas corpus, rather than a direct appeal. See, e.g., Williams v. Lawrence, 273 Ga. 295, 540 S.E.2d 599 (2001). Thus, Petitioner's parole revocation decision became final immediately, on October 3, 2000. Petitioner did not file a state habeas petition until May 16, 2001, or 224 days later, leaving 141 days of the one-year statutory period in which to seek federal habeas relief. See Peoples v. Chatham, 393 F.3d 1352, 1353 (11th Cir. 2004)(*per curiam*)(federal habeas petition challenging state parole revocation subject to AEDPA one-year statute of limitations); Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003)(*per curiam*)(holding that one-year statutory period is tolled during pendency of state habeas filing, but "[t]he days when nothing [is] pending [do] count toward

10

the one-year limitation period"). Petitioner's state habeas proceedings concluded on January 14, 2003, when the Georgia Supreme Court denied his ACPC. Petitioner did not execute his initial habeas petition in the Northern District until December 12, 2003–332 days later. Thus, the initial petition in the Northern District was executed 191 days too late. Finally, Petitioner offers no basis upon which to toll the statutory limitations period or to begin the statutory period on some date other than the date upon which his parole revocation became final.

In sum, all of Petitioner's claims are time-barred. As a result, the Court need not consider Respondent Thompson's other arguments. Because the Court recommends the dismissal of the instant case, all pending motions in this matter should be **DENIED** as **MOOT**.[3]

### III. CONCLUSION

For the reasons above, the Court **REPORTS** and **RECOMMENDS** that

---

[3]The Court is aware of Petitioner's cry of foul play regarding Respondent Thompson's failure to serve all the exhibits he has filed with regard to the various petitions in this case upon Petitioner. (Doc. nos. 32, 35). It is at least arguable, as a general principle, that a respondent should furnish the petitioner with all exhibits attached to his answer. See, e.g., Pindale v. Nunn, 248 F. Supp.2d 361, 362 (D.N.J. 2003). However, the issue is immaterial in this case. As Respondent Thompson points out, he has provided *certified* copies to the Court of the relevant state court records demonstrating that Petitioner's claims are untimely. (Doc. no. 38, p. 3). Thus, Petitioner's chief contention that Respondent Thompson has not provided accurate copies of his state court proceedings is belied by the record (One also wonders how Petitioner may debate the authenticity of documents he asserts he does not have.). Respondent also contends that Petitioner already possesses the documents he now seeks. (Id. at 4-6). At any rate, the Court is satisfied that Petitioner's instant claims are untimely, and any failure on Respondent's part to furnish certain documents has not prejudiced Petitioner in any way and cannot serve to change the Court's analysis. Absent a showing of some prejudice, Petitioner will not be allowed to evade the dismissal of his untimely petitions.

Respondents' motion to dismiss the Georgia Board of Pardons and Paroles and Georgia Attorney General Thurbert Baker as improper respondents be **GRANTED**. (Doc. no. 27). The Court further **REPORTS** and **RECOMMENDS** that Respondent Thompson's motion to dismiss the consolidated petition be **GRANTED** (doc. no. 29), that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Thompson. Finally, the Court **REPORTS** and **RECOMMENDS** that all pending motions in this matter be **DENIED** as **MOOT**.

SO REPORTED AND RECOMMENDED this 27th day of April, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

SCHWINDLER )

vs ) CASE NUMBER CV104-089

THOMPSON ) DIVISION AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 04/27/05 , which is part of the official record of this case.

Date of Mailing: 04/27/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

<u>Name and Address</u>

ALBERT CHARLES SCHWEITZER, #464291,TELFAIR S.P.,P.O.BOX 549,HELENA,GA31037
PAULA K. SMITH, ESQ.

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate