FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL -1 PM 4: 16

CLERK _L. Teledew_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ALBERT CHARLES SCHWINDLER,       *
                                 *
            Petitioner,           *
                                 *
    v.                           *        CV 104-089
                                 *
PAUL THOMPSON, Warden, et al.,    *
                                 *
            Respondents.          *

## O R D E R

The captioned matter, brought pursuant to 28 U.S.C. § 2254, is now before the Court

on Petitioner's objections (doc. no. 49) to the United States Magistrate Judge's Report and

Recommendation ("R & R")(doc. no. 44). The Magistrate Judge recommended that

Petitioner's various habeas petitions (now consolidated with the above-captioned lead case)

be dismissed as untimely. Upon careful, *de novo* review, and for the reasons explained

herein, the Magistrate Judge's R & R, as modified herein, is **ADOPTED** as the opinion of

the Court. Accordingly, Respondents' motion to dismiss the Georgia Board of Pardons and

Paroles and Georgia Attorney General Thurbert Baker (doc. no. 29) is **GRANTED**, all of the

consolidated petitions are **DISMISSED**, the instant action is **CLOSED**, and all pending

motions are **DENIED** as **MOOT**.

## I.    Waived Issues

To begin, it should be noted that to the extent Petitioner brings new factual

allegations and legal issues in his objections to the Magistrate Judge's R & R (and the other

various documents Petitioner has lately filed), such claims have been waived.[1] In addition,

Petitioner has waived any objection to those portions of the R & R to which he has made no

*specific* objection.[2] That having been established, the Court turns to the merits of Petitioner's

objections.

## II.    *All* of Petitioner's Claims are Untimely, and Regardless Otherwise Fail Due to Lack of Jurisdiction, Procedural Bar, or Lack of Merit.

The Magistrate Judge concluded that all of Petitioner's claims were untimely. It

should first be noted that in doing so, the Magistrate Judge made two gracious assumptions

*arguendo*: 1) that each of Petitioner's claims could be deemed raised in the first of his

plethora of petitions, namely CV 103-3910, doc. no. 1 (N.D. Ga. Dec. 15, 2003), which

Petitioner executed on December 12, 2003 and filed in the Northern District of Georgia; and

2) that for statute of limitations purposes, each of Petitioner's claims could "relate back" to

---

[1]See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir.1988) (holding that "an unsuccessful party is not entitled as of right to de novo review ... of an argument never seasonably raised before the magistrate"); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987) (holding that issues raised for the first time in objections to magistrate's recommendation were waived); see also Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir.1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992), *cert. denied*, 507 U.S. 978, 113 S.Ct. 1429, 122 L. Ed. 2d 797 (1993).

[2](See doc. no. 45, pp. 1-2 (explaining to Petitioner the consequences of failure to make specific objection)). See also Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993)(district court need not review *de novo* those findings of fact of the magistrate judge to which no specific objection has been made); Cuevas on Behalf of Juarbe v. Callahan, 11 F. Supp.2d 1340, 1342 (M.D. Fla. 1998)("When a party makes a timely objection to a R & R by a Magistrate Judge, the determination is subject to *de novo* review by the district court. However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review." (citation omitted)).

December 12, 2003, despite the fact that CV 103-3910 was later dismissed. (Doc. no. 44, pp. 6, 8, 9, 11 (treating each of Petitioner's federal habeas claims as brought on December 12, 2003)). Thus, Petitioner's present argument that each of his claims should be deemed properly raised in CV 103-3910 is immaterial--the Magistrate Judge applied *arguendo* the lenient "relation back" which Petitioner seeks. (See doc. no. 49, p. 7-8). The remainder of Petitioner's arguments are likewise immaterial; nevertheless, in an abundance of caution, the Court will address Petitioner's various habeas claims.

### A. 1988 Robbery Conviction

#### 1. Untimeliness

Because Petitioner's March 25, 1988, robbery conviction became final prior to April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, Petitioner had until April 23, 1997 to file a federal habeas claim regarding this conviction.[3] As the Magistrate Judge observed, because Petitioner did not file a federal habeas petition until 2003, his claims are clearly untimely absent some statutory or equitable basis for tolling the AEDPA period of limitations.

Petitioner argues that he filed two motions to withdraw his guilty plea in state court which toll the statutory period. (Doc. no. 49-1, pp. 9-12). It is true that "a properly filed application for State post-conviction or other collateral review" tolls the statutory period whilst it "is pending." 28 U.S.C. § 2244(d)(2). Nonetheless, § 2244(d)(2) is of no help to

---

[3]See 28 U.S.C. § 2244(d)(1); Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998)(*per curiam*)(explaining that prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)).

Petitioner because neither of his motions to withdraw his guilty plea meet the requirements of § 2244(d)(2).

### a. 1988 Motion to Withdraw Plea

The first, filed on October 12, 1988, was denied by the state trial court as untimely in July 1989--well before the AEDPA clock on the 1988 conviction had even begun to run. CV 104-089, Resp.'s Ex. 1, p. 13. Thus, this motion presents no basis for tolling the statutory period until Petitioner filed his federal petition in 2003. Nonetheless, Petitioner makes the spurious argument that the statute of limitations should nevertheless be tolled because the state court failed to send him a copy of its order denying the motion. (Doc. no. 49-1, pp. 9-10).

First, Petitioner's suggestion that he never received notice that his first motion was denied is demonstrably false. During a hearing before a state habeas court on August 22, 1994, Petitioner admitted that his October 1988 motion had been denied as untimely. CV 104-089, Resp's Ex. 3, p. 6. In sum, Petitioner's 1988 motion has no tolling effect because its pendency ceased in 1989, and Petitioner was aware of that fact by 1994 (at the very latest), well before the AEDPA clock began to run on his robbery conviction.[4]

_____

[4]Moreover, it is not apparent to the Court how a motion that has been denied without appeal and is no longer pending presents any basis for statutory tolling, regardless of the notice issue. Of course, the Court is aware that the Eleventh Circuit has explained that a petitioner's "lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." Drew v. Dep't of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002)(quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)). Nevertheless, equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control _and_ unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (_per curiam_) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. The Court is not persuaded that the state court's alleged failure to serve Petitioner with a copy of its July 1989 order excuses Petitioner's failure to file a federal petition

4

### b.    1989 Motion to Withdraw Plea

Petitioner filed his second motion to withdraw his plea on September 26, 1989. CV 104-089, Resp.'s Ex. 1. Petitioner argues that this 1989 motion tolls the period of limitations because the state court has never ruled on it and it is thus still "pending." (Doc. no. 49-1, pp. 10-12). With no support from the record, Petitioner also avers that the state court construed the second motion as an "extraordinary motion for new trial," rendering it a "properly filed" request for post-conviction relief. (Doc. no. 49-1, p. 12; doc. no. 49-2, p. 1).

The Magistrate Judge found that this motion had in fact been denied. (Doc. no. 44, p. 4). In doing so, the Magistrate Judge relied upon Petitioner's erstwhile assertion that the 1989 motion was "converted" or somehow consolidated with his 1993 state habeas case. (See, e.g., doc. no. 1, p. 4). At various points throughout this litigation, Petitioner has maintained that the state habeas court refused to rule on the 1993 habeas petition--a claim which Respondent Thompson has refuted.[5] (See e.g., doc. no. 8, p. 24; doc. no. 10, pp.3-4, 7). The Magistrate Judge correctly determined that, upon a hearing, on August 24, 1994, the state habeas court denied the 1993 petition, and that in April 1995, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. See CV 104-089, Resp.'s Exs. 2, 3. It is also true that there is nothing in the record suggesting that Petitioner took further action in state court *as to the 1988 conviction*.

Given Petitioner's one-time claim that the state habeas court "converted" the 1989

---

before 2003--roughly six (6) years after the AEDPA one-year period had expired, and at least nine (9) years after he had received notice of the denial of his motion. Such dilatoriness does not constitute due diligence.

[5]It should also be noted that Petitioner has suggested at least once in his voluminous filings that the Superior Court of Richmond County *did* issue a ruling on his 1989 motion, but that the order is missing from the record as submitted by Respondent Thompson. (Doc. no. 21, p. 18).

motion into part of the 1993 habeas proceeding, the Magistrate Judge's conclusion that the

state habeas court's ruling disposed of the 1989 motion is understandable. Such a conclusion

is bolstered by the fact that the 1989 motion to withdraw Petitioner's guilty plea and the state

habeas corpus petition raised the same issues; indeed, as Respondent Thompson has pointed

out, Petitioner actually attached a copy of the 1989 motion to his state habeas petition. See

CV 104-089, Resp.'s Ex. 2, p. 29. The issues raised in both the 1989 motion and the 1993

petition were also taken up at the August 22, 1994 hearing on the habeas petition.[6] See CV

104-089, Resp.'s Ex. 2, p. 26; Resp.'s Ex. 3, pp. 1-55. On August 24, 1994, the state habeas

court denied the petition, ruling that *none* of Petitioner's claims had merit. CV 104-089,

Resp.'s Ex. 2, pp. 139-141.

Bearing in mind Petitioner's assertions regarding the "conversion" of the 1989

motion, as well as the fact that Petitioner received an adjudication on the merits regarding

the claims raised in the 1989 motion, it is at least arguable the 1989 motion is not "pending"

for the purposes of § 2244(d)(2), notwithstanding the state court's alleged oversight in failing

to issue a separate written order regarding it.[7] It should also be noted that if the 1989 motion

---

[6] It should be noted that both the motions to withdraw Petitioner's guilty plea and the state habeas petition were filed in the trial court in which Petitioner was convicted--the Superior Court of Richmond County, Georgia (Petitioner filed the state habeas case while detained in Richmond County, ostensibly while awaiting hearing on his second motion to withdraw plea.). See CV 104-089, Resp.'s Ex. 3, p. 2). As Respondent Thompson correctly points out, the state habeas petition itself contained all of the arguments previously raised in the second motion to withdraw Petitioner's guilty plea. See CV 104-089, Resp.'s Ex. 2, pp. 29, 63, 70, 75, 108, 113. Thus, the state habeas court clearly had before it the claims raised in both the 1989 motion and the 1993 habeas petition. Indeed, it cannot seriously be doubted that the state habeas court was aware of the 1989 motion, as it was discussed during the 1994 hearing on Petitioner's state habeas petition. See CV 104-089, Resp.'s Ex. 3, pp. 2, 7.

[7] Generally speaking, "pending" means "not yet decided." Carey v. Saffold, 536 U.S. 214, 219 (2002). An application is no longer pending once it "has achieved final resolution through the State's post-conviction procedures." Id. Here, the claims raised in the 1989 motion were heard by

indeed got "lost" (or that the Georgia court refused to rule on it) as Petitioner maintains, Petitioner must bear some of the blame. There is no evidence in the record that Petitioner made an attempt to invoke a ruling on the motion--other than his pursuit of the 1993 habeas case, which as noted was resolved. In Georgia, a criminal defendant, even if he is proceeding *pro se*, waives appellate review of any motion or issue regarding which he has failed to invoke a ruling from the trial court.[8] That having been noted, it is also true that interminable delays in ruling on post-conviction motions are not unheard of in Georgia. See Spradlin v. State, 262 Ga. App. 897, 900, 587 S.E.2d 155, 159 (2003)(thirteen year delay between filing of motion for new trial and ruling); Stone v. State, 257 Ga. App. 306, 307, 570 S.E.2d 715, 716-717 (2002)(ten year delay in ruling on motion for new trial). Simply put, it would perhaps be problematic to rest the Court's timeliness analysis solely upon the conclusion that the 1989 motion is no longer "pending," especially given the nature of the record in this unusual case.

However, even if the 1989 motion is still "pending," the matter is immaterial because neither of Petitioner's motions to withdraw his guilty plea were "properly filed." 28 U.S.C.

---

the state habeas court in 1993, rejected on the merits, and then finally resolved when the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal. See CV 104-089, Resp.'s Ex. 4. Of course, even if the 1989 motion is technically "pending," the motion is a nullity for the purposes of § 2244(d)(2), as discussed *infra*.

[8]See, e.g., Parks v. State, 248 Ga. App. 405, 405, 544 S.E.2d 536, 537 (2001)(*pro se* criminal defendant's failure to invoke ruling on motion to dismiss amounted to waiver on appeal of issues raised in motion); Taylor v. State, 248 Ga. App. 715, 717, 548 S.E.2d 414, 417 (2001)(where movant seeking to withdraw guilty plea to statutory rape charge filed motion for DNA test but failed to invoke ruling, movant waived appellate review of issues in motion for test); Delong v. State, 185 Ga. App. 314, 314, 363 S.E.2d 811, 811-12 (1987)(failure to invoke ruling on motion in limine constitutes waiver for purposes of appeal). Indeed, the failure to invoke a ruling on a motion "amounts to an abandonment" of the motion. Ale-8-One of America v. Graphicolor Services, Inc., 166 Ga. App. 506, 507, 305 S.E.2d 14, 16 (1983)(civil case).

§ 2244(d)(2). An untimely application for post-conviction relief in state court is not "properly filed," and thus has no tolling effect. See Pace v. DeGuglielmo, __ U.S. __, 125 S. Ct. 1807, 1809 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000)(("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing" including "time limits upon its delivery.").

As the Georgia state courts have explained, "[t]he general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term." Golden v. State, __ Ga. App. __, __ S.E.2d __, 2005 WL 1124485, at *1 (2005)(quoting Moore v. State, 116 Ga. App. 774, 158 S.E.2d 926 (1967)). In fact, once the term in which the Georgia trial court entered its judgment of conviction has expired, that court lacks jurisdiction to consider a motion to withdraw plea ("extraordinary" or otherwise) and "the only means available to [the defendant] to withdraw his guilty plea is through habeas corpus proceedings." Golden, 2005 WL 1124485, at *1 (citing Downs v. State, 270 Ga. 310, 509 S.E.2d 40 (1998)); see also Rubiani v. State, __ Ga. __, 612 S.E.2d 798, 799 (2005)(motion to "void the judgment of conviction" properly construed as untimely motion to withdraw guilty plea and denied).

Here, Petitioner was convicted in March 1988, but did not file a motion to withdraw his guilty plea until October 12, 1988--long after the March 1988 term had expired. See O.C.G.A. § 15-6-3(5)(C)(setting forth terms of court for the Superior Court of Richmond County). Petitioner is well aware of this fact, as his 1988 motion was denied as untimely. CV 104-089, Resp.'s Ex. 1, p. 13. In addition, Petitioner's strange notion that the state court recharacterized his second motion as a "motion for new trial" is illogical and immaterial,

given that "he was not authorized to file a motion for a new trial because '[o]ne who has entered a plea of guilty cannot move for a new trial, as there was no trial.'" Golden, 2005 WL 1124485, at *1 (quoting Davis v. State, 274 Ga. 865, 866, 561 S.E.2d 119, 120 (2002)); see also Lamons v. State, 170 Ga. App. 745, 745 318 S.E.2d 509, 509 (1984); Welch v. State, 63 Ga. App. 277, 277, 11 S.E.2d 42, 44 (1940). Regardless of how Petitioner attempts to characterize his motions, they were clearly untimely and thus improperly filed.[9]

Thus, neither of Petitioner's motions to withdraw his guilty plea can have any tolling effect under § 2244(d)(2). As the Supreme Court has explained: "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." Pace, __, U.S. __, 125 S. Ct. at 1812 (internal citation and quotation omitted). Of course, Petitioner may argue that this result is unfair. The Supreme Court has rejected any such argument:

> Finally, petitioner challenges the fairness of our interpretation. He

---

[9]The Court is aware of Petitioner's argument that the 1989 motion must have been "properly filed" because the state court "took jurisdiction" and conducted a hearing in regard to it (There is no transcript of such hearing in the record). (Doc. no. 49-1, pp. 12-13). On the contrary, the Georgia courts have explained that when a trial court takes an action other than the dismissal of an untimely motion to withdraw plea, it does so in error because the court lacks jurisdiction. See Golden, 2205 WL 1124485, at *1 ("Even though the trial court's disposition of Golden's motions appears warranted, it had no jurisdiction to consider those motions . . . we must vacate the judgment of the trial court and remand the case with direction to issue an order of dismissal."); State v. Manders, 271 Ga. App. 315, 316-317, 609 S.E.2d 658, 659 (2005)(error to grant untimely motion to withdraw plea, even if original sentence is held to be void). The matter of whether the state court held a hearing on the motion is irrelevant to determining whether the motion should be deemed "properly filed" under § 2244(d)(2).

The Court will also note Petitioner's repeated argument that "this case is very similar to Artuz v. Bennett, 531 U.S. 4 [2000]." (Doc. no. 49-1, p. 22). It is not. In Artuz, the Supreme Court explained that an application for post-conviction relief is not rendered improperly filed under § 2244(d)(2) merely because the *claims* raised in the application are procedurally barred under state law. Artuz, 531 U.S. at 8-9. Contrary to Petitioner's argument, Artuz does *not* stand for the proposition that an untimely filed state application for post-conviction relief--particularly one over which the court in which the application is filed lacks jurisdiction--can be considered "properly filed" under § 2244(d)(2). See Pace, __, U.S. __, 125 S. Ct. at 1812; Artuz, 531 U.S. at 8-9.

claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petitioner 30. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, __ U.S. __, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

Pace, __ U.S. at __, 125 S. Ct. at 1813-14.

Especially in light of the fact that Petitioner never took *any* action (such as filing a "protective" federal petition[10]) to preserve his right to federal collateral review, the Court is not persuaded that an obviously improperly filed motion--brought in *1989*--provides any basis for tolling the statutory period until *2003*, regardless of whether the Georgia courts have neglected to dismiss the motion as untimely. Simply put, the alleged pendency of the 1989 motion is no occasion for statutory tolling. The Court is also not persuaded that, given Petitioner's failure to seek federal collateral review until 2003,[11] he has demonstrated the

---

[10]The Eleventh Circuit has also explained that "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief ." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

[11]The Court is aware that Petitioner filed a federal habeas petition in 1994 while his state habeas case was still pending. See CV 104-089, Resp.'s Ex. 3, p. 54; Schwindler v. Smith, CV 194-087, doc. no. 3 (S.D. Ga. Jun. 8, 1994). However, the existence of that petition is irrelevant, as Petitioner voluntarily dismissed it on February 10, 1995, presumably so that he could pursue the state habeas case. Schwindler v. Smith, 194-087, doc. nos. 14, 15 (S.D. Ga. Feb. 10, 1995). Thus, Plaintiff's 1994 federal petition was dismissed well before the AEDPA clock began running on any of his convictions.

requisite due diligence needed to equitably toll the statute of limitations.[12]  Simply put, Petitioner has outlined no basis for excusing the delay of several years before commencing federal proceedings.  (Of course, the Court is aware that Petitioner obtained his parole, was convicted of various other offenses, and later had his parole revoked, as well as that he engaged in state court litigation regarding those matters.  None of that changes the fact that Petitioner made no "properly filed" application for post-conviction relief *as to the 1988 conviction* other than his 1993 state habeas case.)  In sum, Petitioner's claims as to the 1988 robbery conviction are time-barred.[13]

## 2.    Merits

Nevertheless, in an overabundance of caution, the Court will briefly address the merits of Petitioner's claims regarding his 1988 guilty plea.  Both in his state habeas petition and in his federal petition in CV 104-89, Petitioner has maintained that his plea was the

---

[12]Indeed, regardless of the state court's alleged oversight in failing to issue a separate order regarding the 1989 motion, to allow equitable tolling while an untimely filing "[is] under consideration would eviscerate the 'properly filed' requirement in 28 U.S.C. § 2244(d)(2)."  Wade, 379 F.3d at 1266.

[13]It should also be noted that because Petitioner's motions to withdraw guilty plea were untimely, in the event that these motions contain claims not reflected in the 1993 state habeas petition, such claims are now procedurally barred, notwithstanding the state court's alleged failure to rule on the 1989 motion.  See Tower v. Phillips, 7 F.3d 206, 209-211 (11th Cir. 1993)(state court's failure to rule on untimely--and thus also procedurally barred--claims in post-conviction motion does not eliminate fact that claims have been defaulted under state law).  More importantly, the Court notes that Georgia requires state habeas petitioners to raise all available grounds for relief in their first or amended habeas petitions.  O.C.G.A. § 9-14-51; see also Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998)(stating that Georgia statute restricting state habeas review of claims not previously raised in prior state habeas petition should be enforced against claims never presented in state court, barring any indication that a state court judge would find that the claims could not have reasonably been raised in the earlier state habeas petition).  This state procedural rule, coupled with the fact that once the March 1988 term expired, a habeas corpus petition became the *sole* procedural vehicle for state post-conviction relief available to Petitioner (see discussion *supra*), renders *all* matters regarding the 1988 conviction not raised in the 1993 state habeas case procedurally defaulted.

product of ineffective assistance of counsel, that it was not voluntarily and knowingly made, and that he was unfairly denied a chance to appeal or withdraw his plea.[14] (Doc. no. 8, p. 25). The state habeas court found each of these grounds to be lacking merit.

### a.    AEDPA Standard of Review

Before addressing the merits of Petitioner's claims, it should be noted that, in addition to the enactment of a one-year period of limitations, the AEDPA also established a very deferential standard of review for claims already adjudicated in State court. According to 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court interpreted § 2254(d) in <u>Williams v. Taylor,</u> 529 U.S. 362, 404 (2000). The Supreme Court explained:

---

[14]As noted *supra* at footnote 13, any claim not brought in the 1993 state habeas petition has been procedurally defaulted. Given the morass of claims brought in Petitioner's multiple filings, the Court will not reproduce a litany of all of those claims herein. It will suffice to note that the most serious of these is perhaps Petitioner's assertion that the trial court did not establish a factual basis for his plea. (<u>See</u> doc. no. 8, p. 27). The record before the Court contains the guilty plea form, the sentencing transcript, and an order indicating that the trial court "affirmatively determined" that a factual basis for the plea existed (<u>see</u> CV 104-089, Resp.'s Ex. 1, p. 9), but there does not appear in the record any separate document wherein the factual basis for the plea is actually set forth. Thus, Petitioner's claim might have merit if it were not barred. Unfortunately, Petitioner did not raise this issue in his original 1993 state habeas petition, the attached motion to withdraw his plea (originally submitted in 1989), his amended petition, or at the August 1994 hearing on that petition. <u>See</u> CV 104-089, Resp.'s Exs. 2, 3.

Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,"* or (2) *"involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."*

Id. at 404-05.

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.

A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).[15]  In

[15]As to the analysis of the "unreasonable application" standard, the Supreme Court has explained:

Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (finding application of Supreme Court precedent to be unreasonable requires more than an incorrect or erroneous state court decision; it must be "objectively unreasonable").

13

sum, the writ of habeas corpus may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, § 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

### b. Petitioner's Claims Fail on the Merits.

The state habeas court found that Petitioner was "fully advised of all of his rights concerning a guilty plea not only at the sentencing hearing but also through an acknowledgment and waiver of rights form which was signed by [Petitioner]."[16] CV 104-

---

[16]As to the notion that Petitioner was deprived the right to appeal or to withdraw his plea, it should be noted that Petitioner did not seek direct appeal of his conviction, and indeed took no action (represented or *pro se*) until filing a motion to withdraw his guilty plea on October 12, 1988. By that time, the period in which to file a direct appeal or to withdraw his plea had expired. Thus, any claims that could have been the proper subject of an appeal were procedurally defaulted. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 255 Ga. 239, 240, 336 S.E.2d 754, 755 (1985) ("The rule now may be stated as follows: a failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus." Id.). It should also be recognized that, under Georgia law, Petitioner was not afforded an unqualified appeal

089, Resp.'s Ex. 2, p. 140. Thus, the state habeas court concluded that the guilty plea "was freely and voluntarily entered with full knowledge of the consequences of said plea and was not induced by coercion, fraud, or ineffective assistance of counsel." Id. This Court's own review of the record reveals that the state habeas court's factual findings and legal determinations were reasonable.

Petitioner filled out and signed a guilty plea form indicating his guilt, his awareness of his sentence exposure, his understanding of the consequences of his plea, and explaining that he entered the plea knowingly and voluntarily.[17] CV 104-089, Resp. Ex. 2. At sentencing, Petitioner reiterated his desire to relinquish his rights and plead guilty. Id. The trial judge informed him of the sentence recommended by the State, the trial court's discretion to impose a different sentence, and the true extent of Petitioner's sentencing exposure, whereupon Petitioner reiterated his desire to plead guilty. Id. Petitioner's attorney informed the trial court that he had discussed the matter thoroughly with Petitioner. Id. In

---

as of right. In Georgia, "[w]hen a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record." Brown v. State, 241 Ga. App. 359, 359, 526 S.E.2d 873, 874 (1999); see also Smith v. State, 253 Ga. 169, 169, 316 S.E.2d 757, 758 (1984). Petitioner's claimed errors center upon allegations of ineffective assistance of counsel; such matters would require an evidentiary hearing and thus could not have been properly resolved via direct appeal. Brown, 241 Ga. at 359. Thus, Petitioner was not entitled to a direct appeal, timely or otherwise, concerning those grounds.

Likewise, once convicted and sentenced, Petitioner had until the end of the term of court to move to withdraw his plea, but failed to do so. In addition, even if he had filed a timely motion to withdraw his plea, he had no absolute right to withdraw his plea: "Although a guilty plea may be withdrawn anytime before sentencing, once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice." Wright v. State, 275 Ga. 497, 498, 570 S.E.2d 280, 281 (2002). At any rate, the state habeas court, upon a hearing, found all of Petitioner's posited grounds to be contradicted by the record. If that conclusion is correct, then Petitioner had no grounds to appeal or to withdraw his plea.

[17]In addition to signing the document, Petitioner initialed each question on the plea form, indicating that he both read and assented to the contents of the plea. See CV 104-089, Resp.'s Ex. 1.

addition, the record also contains Petitioner's attorney's written certification that he investigated the case and ensured that Petitioner's plea was in Petitioner's best interest and made knowingly and voluntarily. Id. It was upon these facts that the state habeas court relied.

Petitioner has come forward with nothing, beyond unsupported and self-serving affidavits provided by himself and his adoptive father, to contradict these facts. Indeed, Petitioner was similarly unable to rebut any of these facts during the hearing on his habeas petition.[18] In fact, during the hearing, Petitioner admitted that he intended to plead guilty to armed robbery, but explained that he did not think the sentence was fair. CV 104-089, Resp.'s Ex. 3, p. 18, 23. Yet, Petitioner also admitted that during the sentencing, the trial judge informed him of his sentence exposure, and Petitioner then told the trial judge that he still wanted to plead guilty. Id. at 19-20.

Simply put, Petitioner would have this Court ignore the documents supporting the state habeas court's findings, including his own sworn statements at sentencing and before the state habeas court, demonstrating that his plea was entered knowing and voluntarily. The Court disagrees; "[s]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In sum, Petitioner's underlying claims regarding his 1988 guilty plea are contradicted by the state record and utterly devoid of merit.

---

[18]It should perhaps be noted that because Petitioner's trial counsel was (and is) deceased, he was unavailable to testify at the hearing on Petitioner's state habeas petition. CV 104-089, Resp.'s Ex. 3, p. 32.

**B.     Expired 1999 Chatham County Misdemeanor Conviction**

**1.     Untimeliness**

First, it should be noted that Petitioner makes repeated reference to an order previously entered by the Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia. (See, e.g., doc. no. 49-2, p. 2). It was this order which initiated the process of consolidating Petitioner's several habeas cases. See CV 404-089, doc. no. 22. In this order, Judge Edenfield accepted as true various contentions made by Petitioner and his adoptive father (a frequent participant in his son's habeas litigation). Judge Edenfield explained his reasons for doing so as follows:

> For the purpose of this Order *only* then, the Court will accept as true Frank J. Schwindler's affidavit account of the "big-picture" background to Albert's petitions. Many of his and Albert's assertions are hearsay-based and certainly open to dispute, but they aid in comprehending Albert's claims as spread over multiple filings in multiple cases. The Court also has consulted records from the various cases to generate a coherent story line.

Id. at 1.

Judge Edenfield's order in no way requires the Court to accept as true the voluminous, contradictory, and largely unsubstantiated allegations made throughout these proceedings by the Schwindlers. The timeliness and merits of Petitioner's various habeas claims will be determined by the certified record before the Court, not the belated accusations and bald allegations recently filed by Petitioner.

To go to the heart of the matter, Petitioner's objections as to the 1999 Chatham County conviction do not alter the conclusions reached first by the Honorable G. R. Smith, United States Magistrate Judge (see CV 404-089, doc. no. 13, *adopted by* doc. no. 18, *vacated by and consolidation ordered by* doc. no. 22), and later by the instant R & R.

Petitioner's claims as to the 1999 conviction are due to be dismissed because: 1) Petitioner has not met the "in custody requirement;" 2) Petitioner never sought state habeas review of the 1999 conviction, making it inappropriate for a federal court to reach the merits; and 3) the instant petition is untimely under the AEDPA. CV 404-089, doc. no. 13, pp. 1-10. The Court sees no need to reproduce Judge Smith's analysis or the instant R & R herein. It suffices to note, briefly, that the Court concurs that the petition should be dismissed as untimely in regard to the 1999 conviction.

As Respondent Thompson has pointed out, although Petitioner filed certain motions with the Chatham County trial court, he never filed a direct appeal or a state habeas petition as to the 1999 conviction, and all state court litigation with regard to the 1999 misdemeanor conviction was concluded by November 20, 2000. See CV 404-089, Resp.'s Ex. 1. And as noted, Petitioner filed no federal habeas petition until 2003. Thus, it is apodictic that the any federal challenge to the 1999 conviction is untimely.

### 2. The Claims Are Unexhausted, and the Court Lacks Jurisdiction.

In addition, because Petitioner never filed an appeal or a state habeas petition with regard to the 1999 conviction, he has not exhausted his state remedies.[19] Finally, Petitioner cannot dispute that the conviction is expired and that he is not in custody pursuant to it. The upshot of this fact is that he cannot challenge the 1999 conviction directly via § 2254 and this Court does not have jurisdiction to consider his claims. See Maleng v. Cook, 490 U.S.

---

[19]The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added).

488, 490 (1989); see also Lackawanna County Dist. Attorney v. Cross, 532 U.S. 394, 401 (2001); Van Zant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir. 1997). Consequently, the Court need not reach the merits.

### C. Expired 2000 Chatham County Misdemeanor Conviction

#### 1. Untimeliness

Petitioner pled guilty to additional misdemeanor offenses on June 29, 2000. No direct appeal was taken. Petitioner's father filed various post-conviction motions on Petitioner's behalf, which were dismissed as improper. See CV 404-095, Resp.'s Ex. 2. On November 5, 2001, the Georgia Supreme Court denied Petitioner's father's application for a certificate of probable cause to appeal. Id. No further action was taken *as to the 2000 conviction* prior to filing a federal petition in 2003, rendering the federal challenge time-barred. This would be true even if Petitioner's father's filings could be deemed to have tolling effect, which the Court does not assume.

#### 2. The Claims Are Unexhausted, and the Court Lacks Jurisdiction.

In addition, as Petitioner never filed a direct appeal or brought a proper habeas petition himself, he did not exhaust his state remedies. Furthermore, the Court notes that because the conviction is expired, Petitioner has also failed to satisfy the "in custody" requirement and the Court does not have jurisdiction to consider his claims See Maleng, 490 U.S. at 490; see also Cross, 532 U.S. at 401; Van Zant, 104 F.3d at 327. In sum, Petitioner provides no reason to second-guess the Magistrate Judge's conclusion that the petition should be dismissed. The Court need not reach the merits.

19

**D.      2000 Parole Revocation**

**1.      The Claims Are Untimely and Fail on the Merits.**

On October 3, 2000, Petitioner's parole on his 1988 robbery conviction was revoked. Petitioner's 2000 misdemeanor conviction (but not his 1999 conviction), his failure to obtain gainful employment, and his failure to notify his probation officer of his June 2000 arrest formed the bases for the revocation. CV 104-0796 (N.D. Ga.), Resp.'s Ex. 1A, p. 307. No hearing was conducted prior to the revocation because Petitioner explicitly waived any hearing. Id. at 415-21. The Magistrate Judge found any challenge to the parole revocation to be time-barred. The R & R's analysis can be summarized briefly.

On May 26, 2001, 224 days after his parole was revoked, Petitioner challenged his parole revocation via a state habeas petition, leaving 141 days of the one-year statutory period remaining in which to seek federal habeas relief. See Peoples v. Chatham, 393 F.3d 1352, 1353 (11th Cir. 2004)(*per curiam*)(federal habeas petition challenging state parole revocation subject to AEDPA one-year statute of limitations); Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003)(*per curiam*)(holding that one-year statutory period is tolled during pendency of state habeas filing, but "[t]he days when nothing [is] pending [do] count toward the one-year limitation period"). On March 3, 2002, upon evidentiary hearing, the state habeas court denied relief, and on January 14, 2003, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. See generally, CV 104-0796, Resp.'s Exs. 1A, 4. Petitioner did not execute his initial habeas petition in the Northern District until December 12, 2003–332 days later. Thus, the initial petition in the Northern District was executed 191 days too late.

Petitioner has put forth nothing to change the analysis of the R & R. Nevertheless,

the Court will briefly note that Petitioner's claims regarding the parole revocation fail on the merits. (As noted, only claims properly presented in state court may be considered in a federal proceeding.) In his state habeas petition, Petitioner challenged his parole revocation by arguing that he was improperly denied his parole without a hearing.[20] CV 104-0796, Resp.'s Ex. 1A, p. 6. However, Petitioner executed a written waiver of his right to a hearing regarding his parole revocation, and upon its own evidentiary hearing, the state habeas court determined that this waiver was valid. See id. at 416-17. At that hearing, the state habeas court heard testimony from Petitioner and the parole officer who met with Petitioner, explained to him the waiver, and witnessed his execution of the waiver. Id. The state habeas court found Petitioner's claims utterly without merit, and this Court agrees.

In sum, Petitioner's challenges to his 1988 robbery conviction, as well as the 2000 revocation of his parole on that conviction, are untimely and those claims which Petitioner presented in state court utterly lack merit. Unsubstantiated allegations, innuendo, and suggestions of conspiracy offered years after the fact (which the Court will not dignify here by summarizing) do not make Petitioner's claims timely or call into doubt the Georgia courts' determinations that Petitioner voluntarily and knowingly gave up his rights both in entering his 1988 guilty plea and in submitting to the revocation of his parole in 2000 without a hearing. As he is not in custody pursuant to any other conviction, the matter is settled.

---

[20]Petitioner's father attempted to join the case and to bring additional allegations of error-- the state habeas court denied Petitioner's father's request and refused to consider the documents filed by him. CV 104-0796, Resp.'s Ex. 1A, pp. 180-89.

## III.    CONCLUSION

In sum, none of Petitioner's claims are properly before the Court, as they are time-barred. Regardless, Petitioner seeks to challenge expired convictions and brings claims which are unexhausted or procedurally barred. Finally, Petitioner's essential claims lack merit. The Court need not address Petitioner's voluminous and obfuscatory filings more specifically. The Magistrate Judge's R & R, as modified herein, is **ADOPTED** as the opinion of the Court. Accordingly, Respondents' motion to dismiss the Georgia Board of Pardons and Paroles and Georgia Attorney General Thurbert Baker (doc. no. 29) is **GRANTED**, all of the consolidated petitions are **DISMISSED**, the instant action is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.[21]

SO ORDERED this 1st day of July, 2005, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[21]The Clerk is **HEREBY DIRECTED** to close each of Petitioner's consolidated habeas cases (CV 104-089, CV 104-152, CV 104-153, CV 104-163, and CV 104-178) and to enter an appropriate judgment of dismissal in each.

# United States District Court
## *Southern District of Georgia*

SCHWINDLER

)

vs                                    )          CASE NUMBER   CV 104-089

THOMPSON                              )          DIVISION      AUGUSTA

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.   Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.   That the aforementioned enveloped contained a copy of the document dated 07/01/05 _____, which is part of the official record of this case.

Date of Mailing:          07/02/05 _____

Date of Certificate       ☒ same date,     or  _____

Scott L. Poff,  Clerk

By: *Joe Howell* _____

Joe Howell, Deputy Clerk

Name and Address

ALBERT CHARLES SCHWINDLER SERVED @ PRISON ADDRESS
PAULA K. SMITH

☐  Copy placed in Minutes
☒  Copy given to Judge
☒  Copy given to Magistrate